# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **P.L.**

**No. 17-0883** (Kanawha County 16-JA-632)

**FILED**

**March 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father R.L., by counsel Michael M. Cary, appeals the Circuit Court of Kanawha County's August 29, 2017, order terminating his parental rights to P.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Sharon K. Childers, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motions for an improvement period.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner also sets forth an assignment of error alleging that the circuit court erred in finding that diminished capacity warranted termination of his parental rights. However, the argument for this assignment of error contains no citation to any legal authority. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and *law presented*, the standard of review applicable, and *citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief in regard to this assignment of error is inadequate as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order. Accordingly, the Court will not address the assignment of error on appeal.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2016, the DHHR filed an abuse and neglect petition against the parents that alleged they previously had their parental rights to an older child involuntarily terminated. According to the petition, the parents were not sufficiently motivated and organized such that they could properly care for the child. Moreover, the DHHR alleged that the conditions that led to the prior involuntary termination, i.e. petitioner's lack of capacity to properly parent the child and the mother's mental health issues, had not been remedied. At the preliminary hearing, a DHHR worker testified that, upon removal of the child, the parents "struggled" to understand why removal was necessary. Ultimately, the circuit court found probable cause to believe that the child's well-being was in imminent danger due to the prior involuntary termination of parental rights. The circuit court granted the parents supervised visitation and ordered that they submit to psychological evaluations.

In March of 2017, the circuit court held an adjudicatory hearing. During the hearing, the guardian moved to suspend the parents' visitation because of concerns from the visitation supervisor. The DHHR joined in the motion. The circuit court denied the motion but did order that visitation occur at a new location and be reduced from two hours to one. The circuit court also appointed a guardian ad litem for petitioner after the child's guardian expressed concern. Ultimately, the circuit court continued the adjudicatory hearing in order to obtain the results of the psychological evaluations.

In May of 2017, the circuit court held the continued adjudicatory hearing, during which the psychologist who performed petitioner's evaluation testified. According to the psychologist, petitioner's scores suggested "mild intellectual disability." Based on the evaluation, petitioner's prognosis for minimally adequate parenting was poor. This was based, in part, upon the fact that the same concerns from the prior abuse and neglect proceeding persisted. The evaluator also indicated that he could not identify any services that would remedy the conditions of abuse and neglect. Petitioner testified, but the circuit court found his testimony lacked credibility. Ultimately, the circuit court found petitioner to be an abusing parent.[3] In reaching this determination, the circuit court noted the fact that petitioner failed to acknowledge any problems with his parenting and that his condition appeared to have deteriorated since the prior abuse and

---

[3]The circuit court actually found petitioner to be an "abusing and neglecting parent." However, West Virginia Code § 49-1-201 defines "abusing parent" as one "whose conduct has been adjudicated by the court to constitute child abuse *or neglect* as alleged in the petition charging child abuse or neglect." (emphasis added). Because the definition of abusing parent encompasses a parent who has been adjudicated of either abuse or neglect, and because the term "neglecting parent" does not appear in the statutory framework governing abuse and neglect proceedings, we will use the correct term in this memorandum decision.

neglect proceeding. Moreover, the circuit court found that instead of seeking help upon P.L.'s birth, the parents lied about their situation and attempted to hide the child. Further, the circuit court noted that the parents did not provide proof of any services completed since the prior involuntary termination of parental rights. Petitioner moved for a post-adjudicatory improvement period, but both the child's guardian and the DHHR objected. The circuit court denied the motion and additionally suspended petitioner's visitation with the child.

In August of 2017, the circuit court held a dispositional hearing, during which a DHHR case manager testified that there were no services the DHHR could offer to remedy the conditions in the home. The DHHR worker also testified to the services petitioner received during the course of his prior abuse and neglect case in 2014 and 2015 that were unsuccessful. Petitioner moved for a post-dispositional improvement period, but the circuit court denied this motion. In terminating petitioner's parental rights, the circuit court found that petitioner lied to hospital staff when the child was born in order to obscure the fact that his parental rights to an older child were previously involuntarily terminated. Moreover, the circuit court found that the only way petitioner could properly care for the child would be with a provider living in the home offering assistance at all times. As such, the circuit court terminated petitioner's parental rights.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying his motions for improvement periods because he established that he was likely to fully comply with the terms and conditions thereof. According to petitioner, his attendance at all hearings, visits with the child, and meetings with counsel illustrated his dedication to the proceedings. Moreover, he

---

[4]The mother's parental rights were also terminated. According to respondents, the permanency plan for the child is adoption by a relative.

argues that he did not have issues with drugs or alcohol. We do not find these arguments compelling.

Pursuant to West Virginia Code § 49-4-610(2) and (3), a circuit court may grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" However, we have also noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). While petitioner argues that he satisfied his burden to obtain an improvement period, he ignores the fact that both the psychologist that evaluated him and a DHHR service provider testified that there were no services that could remedy the issues of abuse and neglect in the home. Specifically, the evidence established that petitioner's condition actually deteriorated since the prior involuntary termination of his parental rights, with the psychologist finding that petitioner's prognosis for minimally adequate parenting was poor.

Moreover, the circuit court found that petitioner "blame[d] others" for the child's removal, including the DHHR and the circuit court. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Because petitioner failed to acknowledge the conditions in the home, it is clear that an improvement period would have been inappropriate. Further, petitioner fails to acknowledge that, pursuant to West Virginia Code § 49-4-604(b)(7)(C), the DHHR was not required to make reasonable efforts to preserve the family due to the prior involuntary termination of his parental rights to an older child. As such, we find no error in the circuit court's denial of petitioner's motions for an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 29, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  March 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker